**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GEORGE M. SONNETT, JR.; WENDY Z.
BURGERS SONNETT,

     Plaintiffs - Appellants,

v.

DAVE LANKFORD, in his personal
capacity and in his official capacity as
Sublette County Sheriff; NEAL R.
STELTING; MATT GAFFNEY; ELK
RIDGE LODGE, INC., a Wyoming
corporation,

     Defendants - Appellees.

No. 16-8062
(D.C. No. 2:15-CV-00024-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

     Plaintiffs George M. Sonnett and Wendy Z. Burgers Sonnett (Sonnetts) appeal

from the district court's order granting defendants' motion for summary judgment on

their claims under 42 U.S.C. § 1983 for the alleged violation of their due process

rights. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

The Sonnetts bought about twenty acres of land in Sublette County, Wyoming, from defendant Elk Ridge Lodge, Inc. (Elk Ridge). To finance part of the purchase price, the Sonnetts gave Elk Ridge a promissory note secured by a mortgage on the property. Following the Sonnetts default, Elk Ridge filed foreclosure proceedings in Wyoming state court. Eventually, the court entered summary judgment in favor of Elk Ridge and against the Sonnetts on the foreclosure claim. The final judgment and order, dated April 22, 2010, held that "Elk Ridge . . . is entitled to and may foreclose upon its Mortgage, the real property and its improvements be sold pursuant to law, and the sums received therefrom be applied as set forth in the Mortgage and according to law." Aplt. App. at 381-82. The Sonnetts appealed.

While the case was on appeal to the Wyoming Supreme Court, Elk Ridge went forward with the foreclosure, including the sale of the property at which it was the only bidder. Following the sale, Wayne Bardin, who was then Sheriff of Sublette County, issued a Certificate of Purchase to Elk Ridge, which provided, among other things, that Elk Ridge would receive a Sheriff's Deed at the expiration of the redemption period unless the Sonnetts redeemed the property. When the Sonnetts failed to redeem, defendant Dave Lankford (Sheriff Bardin's successor) issued a Sheriff's Deed to Elk Ridge on February 10, 2011.

On April 8, 2011, Mr. Sonnett wrote a letter to Sheriff Lankford challenging his authority to issue the Sheriff's Deed. Defendant Matt Gaffney, a Deputy County Attorney, responded and denied any wrongdoing.

2

Next, the Sonnetts filed a "Motion for Order Requiring Sheriff to Appear and Show Cause" in the state court foreclosure action. *Id*. at 446. They argued that Sheriff Lankford executed and delivered the Sheriff's Deed in violation of Wyo. Stat. Ann. § 1-17-321. Elk Ridge responded that § 1-17-321 "pertains only to execution in aid of satisfying a judgment, not the foreclosure of a mortgage." Aplt. App. at 455. The court denied the motion. *See id*. at 465. Later, the Wyoming Supreme Court affirmed the foreclosure order entered in April 2010. *Elk Ridge Lodge, Inc. v. Sonnett*, 254 P.3d 957 (Wyo. 2011).

In their federal suit, the Sonnetts pled several claims based on the alleged violation of their due process rights when Sheriff Lankford executed and delivered the Sheriff's Deed without obtaining court confirmation. They also argued, without any evidence, that Elk Ridge's bid was grossly inadequate. Defendants moved for summary judgment on several grounds, including that Wyoming law does not require confirmation of the sale in judicial foreclosure proceedings. The district court agreed and entered summary judgment for defendants. The Sonnetts appeal.

## ANALYSIS

The Sonnetts' due process claim was based on an alleged violation of their constitutional rights resulting from Sheriff Lankford's violation of Wyoming law when he executed and delivered the Sheriff's Deed: "Plaintiffs bring this action resulting from damages incurred due to the violation of their due process rights by Defendant[s] Lankford, Stelting and Gaffney based on their actions relating to the execution and delivery of a sheriff's deed by Lankford in violation of state law."

3

Aplt. App. at 13. They also sought a declaration that Elk Ridge "had no legal right to the Sheriff's Deed from Lankford." *Id*. at 18.

We agree with the district court that the Sonnetts have failed to identify any constitutionally protected property right in the property following expiration of the redemption period, and that issuance of the Sheriff's Deed complied with Wyoming law. As a result, defendants are entitled to judgment as a matter of law on the Sonnetts' § 1983 due process and declaratory judgment claims.

There is no requirement under Wyoming law for Sheriff Lankford to obtain confirmation of the sale prior to issuing a Sheriff's Deed. In Wyoming, "[a] mortgagee's only remedy upon mortgage default is foreclosure and public sale, either by power of sale pursuant to Wyo. Stat. §§ 34-4-101 to -13 . . . or by judicial sale in accordance with Wyo. Stat. §§ 1-18-101 to -112." *Sannerud v. Brantz*, 928 P.2d 477, 480 (Wyo. 1996) (internal quotation marks omitted). The statutes do not require confirmation in either type of sale.

Nonetheless, the Sonnetts urge us to apply Wyo. Stat. Ann. § 1-17-321, which requires the court to confirm *execution* sales, to sales in foreclosure actions. We decline to do so because it would require us to impermissibly "expand the plain language of a statute to encompass requirements beyond those clearly set out by the legislature." *In re RB*, 294 P.3d 24, 29 (Wyo. 2013).

We also disagree with the Sonnetts that Wyoming case law establishes the "right . . . to a confirmation hearing following a judicial sale." Aplt. Opening Br.

4

at 13. We have reviewed the cases and other authorities cited by the Sonnetts and find no such right. Moreover, the cases can be distinguished on the facts.[1]

Although we recognize that compliance with state law does not necessarily satisfy constitutional due process standards, Sonnetts' due process challenge is predicated entirely on defendants' alleged noncompliance with Wyoming law. Accordingly, our determination that defendants complied with state foreclosure procedures is sufficient to resolve this appeal.

The judgment of the district court is affirmed. We grant the Sonnetts' motion to file their reply brief out of time.

Judge Hartz concurs in the result.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1] The district court held that inadequacy of price is not a sufficient basis for invalidating a sale. On appeal, the Sonnetts state the issue is "irrelevant to any issue that was before the district court." Aplt. Opening Br. at 20. As such, we do not consider it.